## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 23-4410** |
| | : | |
| **DAKOTA MARTIN**, *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**MURPHY, J.**                                                                      **December 19, 2023**

Lindell Moore has filed an Amended Complaint asserting "cruel and unusual punishment" arising from a series of events involving his arrests for violating a protection from abuse order.[1]  Named as Defendants are Dakota Martin and Merveille Minvindu of the Allentown Police Department, and Warden Kyle Russell and Deputy Warden Robert McFadden of the Lehigh County Prison.  Mr. Moore also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Moore *in forma pauperis* status, dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and permit Mr. Moore an opportunity to file a second amended complaint.

---

[1] Mr. Moore initiated this case by submitting an application to proceed *in forma pauperis* with no complaint.  (DI 1.)  In an Order filed on November 15, 2023 (DI 2), Mr. Moore was directed to file an actual complaint if he sought to proceed with this case.  Mr. Moore returned on December 15, 2023 with a pleading that he designated as a "Amended Complaint" even though it is the initial pleading in the case.

I.      **FACTUAL ALLEGATIONS**[2]

The Amended Complaint is brief.  Mr. Moore alleges that on January 31, 2023 Defendant

Minvindu secured a warrant for Mr. Moore's arrest for violating a protection from abuse

("PFA") order because Mr. Moore was seen walking his minor child to school.  Subsequently,

Defendant Martin secured a second warrant "for the same violation."  (Am. Compl. at 3.)

Allegedly due to the harassment by the officers, Mr. Moore was evicted from his residence and

lost his employment.  (*Id*.)  His wife was also evicted.  (*Id*.)  He seeks money damages.  (*Id*. at

4.)

Attached to the Complaint is an Affidavit of Probable Cause to seek an arrest warrant

signed by Defendant Minvindu in which he avers based on personal information and information

provided to him that on January 27, 2023, he responded to Washington Elementary School in

Allentown due to a report of a PFA violation.  (*Id*. at 8.)  Defendant Minvindu observed school

camera footage showing Mr. Moore walking a minor/protected victim into the school.  He

averred that Mr. Moore had an active PFA order that did not allow him to have contact with the

victim.  (*Id*.)  As a result of Defendant Minvindu's affidavit of probable cause, a Magisterial

District Judge signed an arrest warrant for a charge of violating the PFA order.  (*Id*. at 7.)

Also attached to the Complaint is an Affidavit of Probable Cause to seek an arrest

warrant signed by Defendant Martin in which he avers based on personal information and

information provided to him that on February 1, 2023, he was dispatched to Washington

Elementary School in Allentown due to a report of a PFA violation.  (*Id*. at 6.)  Defendant Martin

---

[2] The factual allegations set forth in this Memorandum are taken from Mr. Moore's
Amended Complaint and attached exhibits (DI 4.)  The Court adopts the sequential pagination
assigned to the Amended Complaint by the CM/ECF docketing system.

made contact with the reporting witness who advised him that Mr. Moore walked with and made contact with the protected party listed in an active PFA order that prohibited him from such contact.  (*Id*.)  Mr. Moore was also seen on school cameras.  (*Id*.)  As a result of Defendant Martin's affidavit of probable cause, a Magisterial District Judge signed an arrest warrant for a charge of criminal contempt.  (*Id*. at 7.)

Mr. Moore attached a copy of a PFA order filed on August 22, 2019 in Lehigh County listing his minor children and their mother.  (*Id*. at 11.)  The order provides that Mr. Moore shall not abuse, harass, stalk, or threaten any of the listed persons in any place where they might be found.  (*Id*.)  The order further provides that, "except for such contact with the minor children as may be permitted under Paragraph 5 of this order, Defendant shall not contact Plaintiff, or any other person protected under this order, by telephone or by any other means, including through third persons."[3]  (*Id*.)  The order was effective from August 22, 2019 to August 21, 2022.  (*Id*.)  An additional attached order dated May 11, 2023, bearing the PFA caption, indicates that a "Police Criminal Complaint/Complaint for Indirect Criminal Contempt" filed with the Clerk of Court on May 5, 2023, was denied.  (*Id*. at 12.)  It is unclear whether this order relates to either of the arrests by Defendants Minvindu or Martin in January and February 2023, respectively.

## II.    STANDARD OF REVIEW

The Court grants Mr. Moore leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[3] The attachment Mr. Moore provided contains no "Paragraph 5."

3

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678. As Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Because Mr. Moore cites the cruel and unusual punishment provision of the Eighth Amendment, the Court understands him to attempt to raise constitutional claims in his Complaint.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors."  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.   Claims Against Prison Officials

Mr. Moore names the Warden and Deputy Warden of Lehigh County Prison as Defendants but asserts no facts indicating how they were personally involved in the incidents he describes about being arrested for violating the PFA order. Accordingly, the claims against Warden Russell and Deputy Warden McFadden are not plausible and will be dismissed. Mr. Moore will be granted an opportunity, if he chooses to do so, to file a second amended complaint to attempt to state a plausible claim against these Defendants.

### B.   Claims Against Minvindu and Martin

Mr. Moore alleges he was arrested by each officer for violation of a PFA, and he was subsequently evicted and lost his job. He attaches each Defendants' affidavit of probable cause and the resulting arrest warrant signed by a judicial officer, but other than use the words "cruel and unusual punishment," Mr. Moore does not allege the basis for any claim in his Complaint.

Although it is far from clear, construing Mr. Moore's allegations liberally, it appears that he seeks to bring constitutional claims against Defendants Minvindu and Martin for false arrest.

To state a claim for false arrest, a plaintiff must establish: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Pollock v. City of Philadelphia*, 403 F. App'x 664, 669 (3d Cir. 2010); *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *see United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) ("Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested."). The United States Court of Appeals for the Third Circuit has explained that courts must apply a "common sense approach" and that a determination as to probable cause must be based on "the totality of the circumstances." *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000). Stated differently, "a defendant officer violates an individual's Fourth Amendment right to be free from false arrest if it was not objectively reasonable for the officer to believe that probable cause existed at the time of the arrest." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 230 (D.N.J. 2015).

Mr. Moore does not allege that the officers lacked probable cause to conclude that he violated the PFA order when they made the two arrests. Moreover, a plaintiff may not state a claim by relying solely on exhibits. *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No.

21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  Mr. Moore's exhibits are insufficient to allege each of the elements of a false arrest claim, particularly whether probable cause based on the totality of the circumstances was lacking to make the two arrests.  Accordingly, the claim is not plausible as alleged.

## IV.    CONCLUSION

For the stated reasons, Mr. Moore's Complaint must be dismissed.  Mr. Moore will be granted the opportunity to file a second amended complaint if he is capable of curing the defects the Court has identified in his claims.