IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | **NO. 23-4410** |
| | : | |
| **DAKOTA MARTIN,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                           **March 1, 2024**

In a prior Memorandum and Order, the Court dismissed the Amended Complaint filed by Lindell Moore asserting constitutional claims arising from a series of events involving his arrests for violating a protection from abuse ("PFA") order.[1] *See Moore v. Martin*, No. 23-4410, 2023 WL 8773628 (E.D. Pa. Dec. 19, 2023). His claims against the Warden Kyle Russell and Deputy Warden Robert McFadden of Lehigh County Prison were dismissed because he asserted no facts indicating how they were personally involved in the incidents he described about being arrested for violating the PFA order. *Id*. at *3. Mr. Moore's false arrest claims against two police officer Defendants, Dakota Martin and Merveille Mvindu,[2] were dismissed because Mr. Moore failed to allege that the officers lacked probable cause to conclude that he violated the PFA order when they made two arrests in January and February, 2023. *Id*. Mr. Moore was granted leave to file

---

[1] Mr. Moore initiated this case by submitting an application to proceed *in forma pauperis* with no complaint. (DI 1.) In an Order filed on November 15, 2023 (DI 2), Mr. Moore was directed to file a complaint if he sought to proceed with this case. Mr. Moore returned on December 15, 2023 with a pleading that he designated as a "Amended Complaint" even though it was the initial pleading in the case.

[2] Although Mr. Moore spelled this Defendant's name "Minvindu" in his original Complaint, in the current version of the pleading the Defendant's name is spelled "Mvindu." The Court will use the current spelling.

another amended complaint if he was capable of curing the defects the Court identified in his various claims.  Mr. Moore has now returned with a pleading that the Court will refer to as a Third Amended Complaint[3] (DI 9 ("TAC")), in which he again names Martin and Mvindu of the Allentown Police Department, and Warden Russell and Deputy Warden McFadden of the Lehigh County Prison as Defendants.  For the following reasons, the Court will dismiss the TAC and Mr. Moore will be granted one final opportunity to set out in full the facts upon which he seeks relief.

I.      **FACTUAL ALLEGATIONS**[4]

The allegations in Mr. Moore's TAC are unfortunately less detailed than his original pleading.  Mr. Moore alleges that his Fourth Amendment rights were violated when he attended a custody hearing and was arrested and sent to the Lehigh County Jail for a week for violating a protection from abuse ("PFA") order, "although no order of that magnitude ever existed."  (TAC at 3.)  He claims that in or about December 2023, Defendant Mvindu was granted a warrant to arrest Mr. Moore.  (*Id*.)  A couple of days later, Defendant Martin was "granted the same."[5]  (*Id*.)  Mr. Moore asserts that Warden Russell and Deputy Warden McFadden "irregardless of [his]

---

[3] After the Amended Complaint was dismissed, Mr. Moore filed a pleading (DI 7) that, while he intended it to be his revised pleading, was not entirely visible on the Court's CM/ECF docketing system.  Although typewritten, there were several entries on the form Mr. Moore used that were cut off so that the complete information he wanted to present to the Court was not visible.  In an Order filed on February 2, 2024 (DI 8), Mr. Moore was directed to resubmit the pleading as a Third Amended Complaint, which he did on February 22, 2024.

[4] The factual allegations set forth in this Memorandum are taken from the TAC.  The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[5] In the earlier version of the pleading that contained cut off material, the allegations that were visible included assertions that both Mvindu and Martin allegedly lacked probable cause to secure arrest warrants.  (DI 7 at 5.)  Those allegations have not been included in the TAC.

pleas, ignored <u>all</u> evidence presented to the Lehigh County Jail in regards to [Mr. Moore's] innocence of such matter." (*Id*. (emphasis in original).) While Mr. Moore suffered no physical injuries, he seeks $1 million for pain and suffering. (*Id*. at 4.)

## II.   STANDARD OF REVIEW

Because the Court has granted Mr. Moore leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the TAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit

recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.  DISCUSSION

The Court understands Mr. Moore to again attempt to raise constitutional claims for false arrest and false imprisonment. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

#### A.  Claims Against Mvindu and Martin

As the Court previously explained to Mr. Moore, to state a claim for false arrest, a plaintiff must establish: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *Moore*, 2023 WL 8773628, at *3 (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *Pollock v. City of Philadelphia*, 403 F. App'x 664, 669 (3d Cir. 2010); *O'Connor v. City of Philadelphia*, 233 F. App'x 161, 164 (3d Cir. 2007)). "Whether

probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id.* (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004); *see United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) ("Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested.")). The United States Court of Appeals for the Third Circuit has explained that courts must apply a "common sense approach" and that a determination as to probable cause must be based on "the totality of the circumstances." *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000). Stated differently, "a defendant officer violates an individual's Fourth Amendment right to be free from false arrest if it was not objectively reasonable for the officer to believe that probable cause existed at the time of the arrest." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 230 (D.N.J. 2015).

The Court dismissed Mr. Moore's original Complaint against Mvindu and Martin because he did not allege that the officers lacked probable cause to conclude that he violated the PFA order when they made the two arrests. *Moore*, 2023 WL 8773628, at *3. The allegations in the TAC fail to correct that defect since Mr. Moore again does not allege how or why Mvindu and Martin lacked probable cause to conclude he violated the PFA order. He asserts only that he was arrested "although no order of that magnitude ever existed." (TAC at 3.) This vague allegation is insufficient to provide the required short and plain statement showing that the Mr. Moore is entitled to relief, *Travaline*, 424 F. App'x at 79, since it does not present sufficient information to permit Mvindu and Martin to respond to the claim on the merits." *Garrett*, 938 F. 3d at 94.

The Court is cognizant, however, that Mr. Moore attempted to allege further facts in the version of his complaint that was not completely visible on the CM/ECF docketing system. For this reason, Mr. Moore will be granted another opportunity to allege all of the facts and circumstances surrounding his false arrest claim against Mvindu and Martin by filing another amended complaint.

### B. Claims Against Prison Officials

The Court understands Mr. Moore to be asserting claims against Warden Russell and Deputy Warden McFadden based on false imprisonment at Lehigh County Jail following his arrest by Mvindu and Martin. His original claims against these prison official Defendants were dismissed because Mr. Moore asserted no facts indicating how they were personally involved in the incidents he described about being arrested for violating the PFA order. In the TAC, Mr. Moore asserts that Russell and McFadden "irregardless of [his] pleas, ignored <u>all</u> evidence presented to the Lehigh County Jail in regards to [Mr. Moore's] innocence of such matter." (TAC at 3 (emphasis in original).)

To state a constitutional claim for false imprisonment, a plaintiff must allege (1) that he was detained; and (2) that the detention was unlawful. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007)). A § 1983 false imprisonment claim based on an arrest made without probable cause "is grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Id.* at 683 (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). An arrest based on probable cause, however, cannot "become the source of a claim for false imprisonment." *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979)).

Mr. Moore's assertion that he was innocent does not plausibly allege that he was unlawfully detained by Russell and McFadden. *See Baker*, 443 U.S. at 143-44 ("respondent's complaint is simply that despite his protests of mistaken identity, he was detained in the Potter County jail from December 30, when Potter County deputies retrieved him from Dallas, until January 2, when the validity of his protests was ascertained. Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the Constitution. Respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment."). Because Mr. Moore has not alleged facts to state a claim that his arrest was without probable cause, he has also failed to allege a plausible false imprisonment claim based on the arrest.

### IV.   CONCLUSION

For the stated reasons, Mr. Moore's TAC must be dismissed. Mr. Moore will be granted the opportunity to file a fourth amended complaint if he is capable of curing the defects the Court has identified in his claims. If he pursues a fourth amended complaint, Mr. Moore must take care to include all factual allegations he wants the Court to review when screening the pleading to determine whether he has alleged plausible claims.